UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RICCO DEVON SLADE,

           Plaintiff,

-against-

THE UNITED STATES OF AMERICA; STATE OF NEW YORK; MELINDA KATZ; TONI CIMINO,

           Defendants.

24-CV-3816 (LTS)

ORDER OF DISMISSAL

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who currently is detained at the Otis Bantum Correctional Center on Rikers Island, brings this action, *pro se*, under 42 U.S.C. § 1983, alleging that Defendants violated his federal constitutional rights. Named as Defendants are the United States of America, the State of New York, Queens District Attorney Melinda Katz, and Queens Supreme Criminal Court Judge Toni Cimino. By order dated May 25, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] The Court dismisses the complaint for the reasons set forth below.

## STANDARD OF REVIEW

    The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

The following allegations are taken from the complaint. In February 2020, Plaintiff "formally voluntarily relinquished" his United States citizenship and "officially became a

member of The Baha'i Faith and a citizen of The Baha'i World Community."[2] (ECF 1, at 4.) On December 28, 2022, he was arrested "under the presumption that [he] was still a citizen of the United States of America." (*Id.*) Plaintiff was charged with robbery in the first degree, and, on April 15, 2024, he was "forced to take a Plea Deal for Eight and a half years by the District Attorney of Queens" after "suffering on Rikers Island" for more than 16 months. (*Id.*) Plaintiff asserts that his arrest and prosecution is a violation of his right to freedom of religion under the First Amendment and his "[r]ight to expatriation." (*Id.*)

Plaintiff seeks money damages and unspecified injunctive relief.

## DISCUSSION

Plaintiff invokes 42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988). However, as discussed below, Plaintiff cannot bring such a claim against the named defendants or under the circumstances described in the complaint.

**A.     Sovereign immunity**

Under the doctrine of sovereign immunity, the United States of America is immune from any liability arising out of Plaintiff's claims. The doctrine of sovereign immunity bars federal courts from hearing all suits against the federal government, including suits against federal agencies, unless sovereign immunity has been waived.[3] *United States v. Mitchell*, 445 U.S. 535,

---

[2] The Court quotes from the complaint verbatim. All spelling, punctuation, and grammar are as in the original unless otherwise indicated.

[3] The Federal Tort Claims Act, codified at 28 U.S.C. §§ 2671-80 ("FTCA"), provides for a waiver of sovereign immunity for certain claims for monetary damages arising from the tortious conduct of federal government officers or employees acting within the scope of their

538 (1980); *see Robinson v. Overseas Mil. Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994) ("Because an action against a federal agency . . . is essentially a suit against the United States, such suits are . . . barred under the doctrine of sovereign immunity, unless such immunity is waived.").

The Court therefore dismisses all claims brought against the United States of America under the doctrine of sovereign immunity, *see* 28 U.S.C. § 1915(e)(2)(B)(iii), and consequently, for lack of subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3).

**B.    Eleventh Amendment**

"[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id*. This immunity shields States from claims for money damages, injunctive relief, and retrospective declaratory relief. *See Green v. Mansour*, 474 U.S. 64, 72-74 (1985); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101-02 (1984).

New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). The Court therefore dismisses Plaintiff's Section 1983 claims against the State of New York under the doctrine of Eleventh Amendment immunity, for lack of subject matter jurisdiction, and for seeking monetary

---

office or employment. *See* 28 U.S.C. § 1346(b)(1). The facts as alleged – all of which pertain to Plaintiff's state court proceedings – do not suggest that the FTCA is applicable here.

4

relief from a defendant that is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(iii); Fed. R. Civ. P. 12(h)(3); *see Close v. New York*, 125 F.3d 31, 38-39 (2d Cir. 1997) ("[U]nless New York waived its immunity, the district court lacked subject matter jurisdiction."); *Atl. Healthcare Benefits Trust v. Googins*, 2 F.3d 1, 4 (2d Cir. 1993) ("Although the parties do not address the Eleventh Amendment in their briefs, we raise it *sua sponte* because it affects our subject matter jurisdiction.").

C. **Claims against District Attorney Katz**

Prosecutors are immune from civil suits for damages for acts committed within the scope of their official duties where the challenged activities are not investigative in nature but, rather, are "'intimately associated with the judicial phase of the criminal process.'" *Giraldo v. Kessler*, 694 F.3d 161, 165 (2d Cir. 2012) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); *see also Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993) (absolute immunity is analyzed under a "functional approach" that "looks to the nature of the function performed, not the identity of the actor who performed it" (internal quotation marks and citations omitted)). In addition, prosecutors are absolutely immune from suit for acts that may be administrative obligations but are "directly connected with the conduct of a trial." *Van de Kamp v. Goldstein*, 555 U.S. 335, 344 (2009); *see also Ogunkoya v. Monaghan*, 913 F.3d 64, 70-72 (2d Cir. 2019) (holding that ADAs' direction as to where criminal defendant would be arraigned was in preparation for a court proceeding in which the prosecutors were acting as advocates, and ADAs were therefore shielded by absolute immunity (citing, *inter alia*, *Van de Kamp*)).

Here, Plaintiff's claims for money damages against District Attorney Katz are based on actions within the scope of this Defendant's official duties and associated with the conduct of a trial. Therefore, these claims are dismissed because they seek monetary relief against a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2)(b)(iii), and, consequently, as frivolous,

5

28 U.S.C. § 1915(e)(2)(B)(i). *See Collazo v. Pagano*, 656 F. 3d 131, 134 (2d Cir. 2011) (holding that claim against prosecutor is frivolous if it arises from conduct that is "intimately associated with the judicial phase of the criminal process").

To the extent Plaintiff may be attempting to sue District Attorney Katz in her official capacity, those claims are barred by the Eleventh Amendment. Despite Katz's status as a municipal employee, "[w]hen prosecuting a criminal matter, a district attorney in New York State, acting in a quasi-judicial capacity, represents the State not the county." *Baez v. Hennessy*, 853 F.2d 73, 77 (2d Cir. 1988). District attorneys are considered State actors when making "a decision as to whether or not to prosecute." *Ying Jing Gan v. City of New York*, 996 F.2d 522, 536 (2d Cir. 1993). The Eleventh Amendment therefore bars any claims Plaintiff may be asserting against District Attorney Katz in her official capacity arising from her decision to prosecute Plaintiff. The Court dismisses Plaintiff's claims for money damages against District Attorney Katz under the doctrine of Eleventh Amendment immunity, for lack of subject matter jurisdiction, and for seeking monetary relief from a defendant that is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(iii); Fed. R. Civ. P. 12(h)(3).

**D.     Claims against Judge Cimino**

Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "Even allegations of bad faith or malice cannot overcome judicial immunity." *Id.* (citations omitted). This is because, "[w]ithout insulation from liability, judges would be subject to harassment and intimidation . . . ." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994). In addition, Section 1983, as amended in 1996, provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial

capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

Judicial immunity does not apply when the judge takes action "outside" her judicial capacity, or when the judge takes action that, although judicial in nature, is taken "in absence of jurisdiction." *Mireles*, 502 U.S. at 9-10; *see also Bliven*, 579 F.3d at 209-10 (describing actions that are judicial in nature). But "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978).

Plaintiff fails to allege any facts showing that Queens Supreme Criminal Court Judge Cimino acted beyond the scope of her judicial responsibilities or outside her jurisdiction. *See Mireles*, 509 U.S. at 11-12. Because Plaintiff sues Judge Cimino for "acts arising out of, or related to, individual cases before [her]," she is immune from suit for such claims. *Bliven*, 579 F.3d at 210. Moreover, Plaintiff alleges no facts suggesting that declaratory decree was violated or declaratory relief was unavailable.

The Court therefore dismisses Plaintiff's claims against Judge Cimino because they seek monetary relief against a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2)(B)(iii), and, consequently, as frivolous, 28 U.S.C. § 1915(e)(2)(B)(i). *See Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) ("Any claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of [the in forma pauperis statute].").

**E.    *Younger* abstention**

To the extent that Plaintiff, in seeking injunctive relief, asks the Court to intervene in his pending state court criminal proceeding, the Court must dismiss those claims. In *Younger v. Harris*, 401 U.S. 37 (1971), the United States Supreme Court held that a federal court may not enjoin a pending state court criminal proceeding in the absence of special circumstances suggesting bad faith, harassment, or irreparable injury that is both serious and immediate. *See*

7

*Gibson v. Berryhill*, 411 U.S. 564, 573-74 (1973) (citing *Younger*, 401 U.S. 37); *see also Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013) ("*Younger* exemplifies one class of cases in which federal-court abstention is required: When there is a parallel, pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution.").

Plaintiff has alleged no facts showing bad faith, harassment, or irreparable injury with respect to his pending state court criminal case. The Court will therefore not intervene in that proceeding and dismisses Plaintiff's claims for injunctive relief.

**F.     Challenge to Plaintiff's detention or conviction**

To the extent Plaintiff is seeking release based on a challenge to the legality of his detention or the validity of his criminal proceedings, the Court denies such relief. Plaintiff may not obtain release from custody in a Section 1983 action; instead, he can only obtain such relief by bringing a petition for a writ of *habeas corpus*. *See Wilkinson v. Dotson*, 544 U.S. 74, 78-82 (2005) (citing *Preiser v. Rodriguez*, 411 U.S. 475 (1973)) (noting that writ of *habeas corpus* is sole remedy for prisoner seeking to challenge the fact or duration of his confinement).

Under federal law, an individual who seeks release from custody may do so by filing a petition under either 28 U.S.C. § 2254 or 28 U.S.C. § 2241. Section 2254 is the proper vehicle to use in challenging the constitutionality of an individual's custody, after an individual has been convicted in a state court and sentenced to serve a term of imprisonment pursuant to a judgment of conviction. *See Cook v. New York State Div. of Parole*, 321 F.3d 274, 278 (2d Cir. 2003). For those individuals who have yet to be sentenced, a petition brought under 28 U.S.C. § 2241 is the proper vehicle for challenging the constitutionality of pretrial detention. *See Hoffler v. Bezio*, 726 F.3d 144, 153 n.8 (2d Cir. 2013) (noting that "[r]espondents to do not dispute that Hoffler is in 'custody' for purposes of § 2241, and Hoffler does not contend that his § 2241 claim is anything but a challenge to 'detention' for purposes of § 2253(c)(1)(A)"); *Taylor v. New York City*, No.

20-CV-5036 (MKV), 2020 WL 4369602, at *1 (S.D.N.Y. July 30, 2020) (construing claim by pretrial detainee seeking release due to COVID-19 exposure as arising under Section 2241(citing *Braden v. 30th Jud. Cir. Ct. of Kentucky*, 410 U.S. 484, 494-95 (1973))).

The Court declines to recharacterize Plaintiff's allegations seeking release as a petition brought under either Section 2241 or Section 2254 because Plaintiff does not allege any facts suggesting that he has exhausted his state court remedies. Exhaustion of state court remedies is required under both federal *habeas corpus* statutes. *See* 28 U.S.C. § 2254(b) and (c); *Coleman v. Thompson*, 501 U.S. 722, 731 (1991) ("[A] state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims."); *United States ex rel. Scranton v. New York*, 532 F.2d 292, 294 (2d Cir. 1976) ("While [Section 2241] does not by its own terms require the exhaustion of state remedies as a prerequisite to the grant of federal habeas relief, decisional law has superimposed such a requirement in order to accommodate principles of federalism.").

To the extent Plaintiff seeks release from his current custody, he must first exhaust his state court remedies, and if he is unsuccessful in the state courts, he may return to federal court where he may file a petition for a writ of *habeas corpus* in the appropriate venue.

### G.    State law claims

A district court may decline to exercise supplemental jurisdiction over state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New*

*York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

### H.     Leave to Amend is Denied

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

The Court dismisses the complaint under the doctrine of sovereign immunity, as barred by the Eleventh Amendment, for lack of subject matter jurisdiction, for seeking monetary relief against a defendant who is immune from such relief, as frivolous, and under the *Younger* abstention doctrine. *See* 28 U.S.C. § 1915(e)(2)(B)(i), (iii); Fed. R. Civ. P. 12(h)(3).

The Court declines to exercise supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See* 28 U.S.C. § 1367(c)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment.

SO ORDERED.

Dated: August 6, 2024
New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge